The action was brought to cancel a deed of assignment and release executed and delivered by the plaintiffs to the defendant on the ground that the same was obtained by false and fraudulent (460) misrepresentations made by the defendants.
The complaint alleged: That Elizabeth Marable died intestate in the county of Granville in the year 1871, leaving a large real and *Page 349 
personal estate, and the defendant on the 3rd day of March, 1871, qualified as administrator of her estate.
The plaintiff, Julia Chappell, is a near relative of the intestate, and as such entitled to a large interest in said estate, and the plaintiff R. B. Chappell is her husband.
The plaintiffs reside in the State of Virginia and knew but little of the business of the intestate, and the defendant resided near the intestate and was fully cognizant of the situation and value of her estate. Shortly after the death of the intestate the defendant came to the house of the plaintiff in the State of Virginia and stated that the estate of the intestate was greatly indebted and that but little if anything at all would be coming to her distributees. That he had lived with the intestate during her life, and that she had always promised him to give him her estate when she died, but that she had died without having done so and he thought the distributees ought to release him. The plaintiffs believing these representations and the defendant being a relation of the feme plaintiff, the plaintiffs during that visit executed a release of their interest in said estate for the nominal sum of ten dollars.
The real estate of the intestate was worth about twenty thousand dollars, and was free from debt, and the plaintiff was aware of these facts at the time said representations were made.
The defendant has had the said deed recorded and now claims the interest of the plaintiffs in the estate of the intestate in his own right, under the deed.
The defendant in his answer denied that the said deed was obtained by false and fraudulent statements made to the plaintiffs. He also denied that he made his representations as alleged in the complaint.
The answer contained other allegations denying the facts (461) alleged in the complaint and explaining the representations made to the plaintiffs, but it is unnecessary to state the same as they in no way affect the decision of the case in this court.
The following issues were submitted to the jury:
1. Did the defendant make to the plaintiffs any false or fraudulent misrepresentations or fraudulent concealments or exercise any undue influence to secure the execution of the deed in the complaint mentioned?
2. Did the plaintiffs execute the said deed by reason of the false or fraudulent misrepresentations or fraudulent concealments or undue influence on the part of the defendant?
During the progress of the trial the plaintiffs introduced one Mrs. Jefferson, also a distributee of the defendant's intestate, and proposed to prove by her, that on the day before the deed in controversy was executed, the defendant and one Richard H. Hammie procured from *Page 350 
her a deed, releasing her interest in the estate of the intestate, by false and fraudulent misrepresentations and concealment and undue influence. The defendant objected; the objection was overruled and the defendant excepted.
The record sent up on appeal to this court is voluminous. The foregoing are all the facts necessary to an understanding of the points raised and decided in this court.
The jury found all the issues in favor of the plaintiff, and the court rendered judgment, that the said deed be cancelled, and declaring the defendant a trustee of the plaintiffs as to their interest in the estate of the intestate.
From this judgment the defendant appealed.
The plaintiffs seek to have the deed executed by them to the defendant declared null and void, and that the same be (462) delivered up to be cancelled. The jury have found:
1. "That the defendant did make to the plaintiffs false and fraudulent misrepresentations, and did fraudulently conceal facts and circumstances from the plaintiffs, and that the defendant did exercise undue influence to secure the execution of the deed in complaint mentioned."
2. "That the plaintiffs did execute the said deed by reason of the false and fraudulent misrepresentations and concealment of the defendant, and by reason of undue influence on the part of the defendant."
A perusal of the record, which is ten times more voluminous than necessary to present the points which arise upon it, satisfies us that his Honor submitted the matter fairly to the jury, and that their verdict was fully warranted by the evidence, which is sent up with the record.
The exceptions of the defendant to the admission of evidence cannot be sustained. The whole matter is too plain for argument.
The judgment of the Superior Court is affirmed. Let this be certified, etc.
PER CURIAM. Judgment affirmed. *Page 351 
(463)